# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| PATRICIA CRAWFORD, JESSICA HOWLEY, DANIELLE LAWRENCE, COLLEEN MONAGHAN-GIRARDO, on behalf of herself, individually, and on behalf of all others similarly situated, | ) ) ) ) ) ) ) |

Civil Action No. _____

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs,

vs.

FHG REALTY URBAN RENEWAL, LLC d/b/a THE RIVERWINDS RESTAURANT, JNB RIVERWINDS, INC., FOTIOS FARMAKIS, GEORGE DRAKOS, and HELENA BALIS,

Defendants.

Plaintiffs Patricia Crawford, Jessica Howley, Danielle Lawrence, and Colleen Monaghan-Girardo, by and through their counsel, on behalf of themselves and all others similarly situated, allege as follows:

## **INTRODUCTION**

1.     This is a class and collective action brought on behalf of "Tipped Employees" who work, or who have worked, at restaurant facilities operating under the trade name of "The Riverwinds Restaurant" (hereinafter "Riverwinds").

Riverwinds is owned and/or operated by Defendants FHG Realty Urban Renewal, LLC, JNB Riverwinds, Inc., Fotios Farmakis ("Farmakis"), George Drakos ("Drakos"), and Helena Balis ("Balis").

2.     Riverwinds employs individuals as "bartenders," "waiters/waitresses," "servers" and "bussers" (collectively "Tipped Employees"), who are and/or were subjected to Defendants' unlawful pay practices.

3.     As explained in detail below, Defendants systematically and willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New Jersey State Wage and Hour Law ("New Jersey State Law"), N.J.S.A. 34:11-56a *et seq.*, by failing to pay its waitstaff the federal minimum required cash wage of **$2.13** per hour, as required by 29 U.S.C. § 203(m).  This is the federal minimum hourly "floor" for all employees in the United States.  Defendants, however, paid its waitstaff, including Plaintiff Lawrence, Plaintiff Howley, and Plaintiff Monaghan-Girardo, and the Class Members they represent, **$1.94** per hour, as reflected on their paystubs.

4.     An exemplar paystub of Plaintiff Monaghan-Girardo shows this systemic and clear violation:

OLYMPIC PAYROLLS

| Employee # 300023 Name: COLLEEN MONAGHAN | | | | SSN: XXX-XX-5214 M 0 0 | | | | Acc No: 745 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| TP | Hours | Rate | Type | Amount | YTD | Type | Amount | YTD | Type | Amount | YTD |
| REG | 34.00 | 1.940 | REGULAR | 65.96 | 476.27 | FICA | 31.06 | 224.25 | | | |
| | | | | | | FEDERAL | 25.78 | 186.84 | | | |
| | | | | | | STATE | 6.20 | 44.08 | | | |
| | | | TIPS | 340.00 | 2,455.00 | LOCAL | 0.00 | 0.00 | | | |
| | | | MEALS | 8.50 | 61.41 | SU/DI | 2.92 | 21.10 | | | |
| | | | | | | TIPS | 340.00 | 2,455.00 | | | |
| | | | | | | MEALS | 8.50 | 61.41 | | | |
| | | Total Earnings: | | 414.46 | 2992.68 | Total Ded. | 414.46 | 2948.27 | Total Ded. | 0.00 | 0.00 |
| Period Ending: 03/13/2016 Check No: 16040 | | | | JNB RIVERWINDS INC | | | | Net Pay: *****$0.00 | | |

5.     In addition, as explained in more detail below, Defendants systematically and willfully violated the FLSA and New Jersey State Law by failing to satisfy the notice requirements of the tip credit provisions of the FLSA and failing to pay Tipped Employees for all hours worked, including hours in excess of forty hours per week.

6.     Because of Defendants' unlawful failure to properly inform Plaintiffs and the Tipped Employees of their intention to utilize a "tip credit" as required by federal law, Defendants were ineligible to take the "tip credit," and therefore, have unlawfully applied a "tip credit" against the wages paid to Plaintiffs and current and former Tipped Employees, thereby paying them less than the mandated minimum wage in New Jersey ($8.38 per hour).

7.     As a result of the aforementioned pay practices, Plaintiffs and the Class Members (defined below) were illegally under-compensated for their work in violation of the FLSA and New Jersey State Law.

8.     In addition to these minimum wage and overtime violations,

-3-

Defendants, including the owner (Defendant Farmakis), unlawfully diverted Plaintiffs' and Class Members' tips to themselves. Under the FLSA and New Jersey State Law, a tip is the sole property of the tipped employee. Yet, Defendant Farmakis systematically took 6% of the regularly-contracted tip amount (20%) paid by customers for parties, luncheons, banquets, and other events, thereby cheating Plaintiffs and Class Members of their hard-earned tips. This tip "skimming" cheated Plaintiffs and Class Members out of approximately 30% of their hard-earned tips. Notably, the tip skimming was not diverted to, or shared with, other Tipped Employees. Instead, Farmakis and Defendants lined their own pockets with this substantial portion of their employees' tips. And this is after Defendants had already cheated them by paying their waitstaff less than the federal minimum required cash wage of $2.13 per hour.

## **JURISDICTION**

9. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337. Supplemental jurisdiction of Plaintiffs' claims under New Jersey State Law is conferred by 28 U.S.C. § 1332 and 1367, as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution and those claims derive from a common nucleus of operative facts.

-4-

## VENUE

10.    Venue is proper in the District of New Jersey under 28 U.S.C. § 1391 because the conduct alleged herein occurred in this judicial district, and because Defendants are subject to personal jurisdiction in this district.

## PARTIES

11.    Plaintiff Patricia Crawford is a resident of West Deptford, New Jersey who was employed by Defendants as a bartender at Riverwinds from on or about September 2009, through approximately August 2016, who Defendants failed to compensate properly for all hours worked.  Plaintiff Crawford was the first employee hired at Riverwinds.

12.    Plaintiff Jessica Howley is a resident of Mantua, New Jersey, who was employed by Defendants as a waitress at Riverwinds from on or about April 2014, through approximately October 2015, who Defendants failed to compensate properly for all hours worked.

13.    Plaintiff Danielle Lawrence is a resident of Blackwood, New Jersey, who was employed by Defendants as a waitress at Riverwinds from on or about June 2015, through approximately August 2016, who Defendants failed to compensate properly for all hours worked.

14.    Plaintiff Colleen Monaghan-Girardo is a resident of Glassboro, New Jersey, who was employed by Defendants as a waitress at Riverwinds from on or

about September 2009, through approximately August 2016, who Defendants failed to compensate properly for all hours worked.

15.    Pursuant to Section 216(b) of the FLSA, Plaintiffs have each consented in writing to be a plaintiff in this action.  *See* executed Consent To Sue forms, attached hereto as Exhibit "A."

16.    Defendant FHG Realty Urban Renewal, LLC d/b/a The Riverwinds Restaurant is a restaurant located at 1075 Riverwinds Drive, West Deptford, New Jersey 08086.

17.    JNB Riverwinds, Inc. is a corporation with its principal place of business a 940 Mantua Pike, Woodbury, New Jersey, 07095.

18.    Defendant Farmakis is a natural person engaged in business at Riverwinds in West Deptford, New Jersey.  Defendant Farmakis is a co-owner of Riverwinds, and is sued individually in his capacity as a co-owner, officer, and/or agent of Riverwinds.  Defendant Farmakis exercises sufficient control over the operations of Riverwinds to be considered Plaintiffs' employer under the FLSA and New Jersey State Law, and at all times material herein established and implemented the pay practices, labor relations, and personnel policies and practices at Riverwinds. Defendant Farmakis is personally, jointly and severally liable for the violations of the FLSA and New Jersey State Law by Riverwinds.

19.    Defendant Drakos is a natural person engaged in business at

Riverwinds in West Deptford, New Jersey.  Defendant Drakos is a co-owner of Riverwinds, and is sued individually in his capacity as a co-owner, officer, and/or agent of Riverwinds.  Defendant Drakos exercises sufficient control over the operations of Riverwinds to be considered Plaintiffs' employer under the FLSA and New Jersey State Law, and at all times material herein established and implemented the pay practices, labor relations, and personnel policies and practices at Riverwinds. Defendant Drakos is personally, jointly and severally liable for the violations of the FLSA and New Jersey State Law by Riverwinds.

20.    Defendant Balis is a natural person engaged in business at Riverwinds in West Deptford, New Jersey.  Defendant Balis is a co-owner of Riverwinds, and is sued individually in her capacity as a co-owner, officer, and/or agent of Riverwinds. Defendant Balis exercises sufficient control over the operations of Riverwinds to be considered Plaintiffs' employer under the FLSA and New Jersey State Law, and at all times material herein established and implemented the pay practices, labor relations, and personnel policies and practices at Riverwinds.  Defendant Balis is personally, jointly and severally liable for the violations of the FLSA and New Jersey State Law by Riverwinds.

21.    Defendants Farmakis, Drakos, and Balis have maintained active control over the management of Riverwinds; regulated the employment of persons employed by Riverwinds; and acted directly and indirectly in the interest of

Riverwinds in relation to the employees, including Plaintiffs and members of the Classes.

22.     At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and New Jersey State Law.  Defendants have the power to hire and fire Plaintiffs, control Plaintiffs' terms and conditions of employment, and determine the rate and method of any compensation of Plaintiffs' and those employees similarly situated.

23.     At all relevant times, Defendants have been single and joint employers of plaintiff and others similarly situated within the meaning of the FLSA and New Jersey State Law.  In this regard, their operations are interrelated and unified, and they share common management, centralized control of labor relations, common ownership, common control, common website, common business purposes, and interrelated business goals.  In addition, they jointly determine and manage the pay practices, rates of employee pay and method of payment, maintenance of employee records and personnel policies, practices and decisions with respect to the employees.

## **FACTUAL ALLEGATIONS**

24.     The crux of the FLSA and New Jersey State Law is, *inter alia*, that all employees are entitled to be paid mandated minimum wages for all hours worked.

25.     Contrary to these basic protections, Plaintiffs and Class Members were

deprived of the mandated minimum wage for all hours they worked and denied the proper overtime pay when they worked in excess of forty hours in a workweek.

26.　Plaintiffs and the members of the Classes are, or were, Tipped Employees employed by Defendants.

**Plaintiffs' Experiences Working for Defendants**

27.　At all times during the course of their employment at Riverwinds, Plaintiff Lawrence, Plaintiff Howley, and Plaintiff Monaghan-Girardo were paid $1.94 per hour, or some other amount below the minimum wage, plus tips.

28.　Plaintiff Lawrence, Plaintiff Howley, and Plaintiff Monaghan-Girardo also were required to "tip out" at the end of each shift, i.e., share a portion of their earned tips with bartenders and bussers. Defendants, however, often failed to pay the bussers and bartenders the tips collected from waitresses and waitresses and/or skimmed a portion of such tips for the restaurant.

29.　In addition, when Plaintiff Lawrence, Plaintiff Howley, and Plaintiff Monaghan-Girardo served for large parties, Defendants skimmed off a substantial portion of Plaintiffs duly-earned tips.

30.　Although Plaintiff Crawford, a bartender, was to receive tips collected by the restaurant from servers at the end of each shift, Plaintiff Crawford and other bartenders and bussers often did not receive tips from the waitstaff. Defendants kept the tips or skimmed off a portion.

-9-

## Tip Credit Provision and Requirements

31.     Rather than pay its Tipped Employees the applicable minimum wage – here $8.38 per hour in New Jersey – Defendants chose to take a tip credit and pay the waitstaff, excluding bartenders, $1.94 per hour, which is less than the minimum wage.  The waitstaff were Tipped Employees.

32.     Under federal and New Jersey State Law, in certain circumstances, it is permissible for an employer to take a tip credit and pay its employees less than the mandated minimum wage, provided that the employee's tips received from customers plus the tip credit wage paid by the employer equals at least the applicable minimum wage.

33.     An employer is not relieved of its duty to pay wages at least equal to the minimum wage by virtue of taking a tip credit or by virtue of the employee receiving tips from customers in an amount in excess of the applicable minimum wage.  That is, an employer in the restaurant industry must pay the employee wages at least equal to the applicable minimum wage or equal to the minimum wage less the tip credit, provided the tips claimed exceed the tip credit.   Under no circumstances is the employer relieved of paying at least the minimum wage for all hours worked, regardless of how much an employee earns in tips.

34.     According to the U.S. Department of Labor's Fact Sheet #15:  Tipped Employees Under the Fair Labor Standards Act ("FLSA") ("Fact Sheet #15"):

-10-

> The maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13).[1]

35.     While New Jersey has a higher minimum wage ($8.38 per hour), it does follow the federal law and only requires a cash wage of $2.13 to be paid to employees who customarily and regularly receive tips.  The maximum tip credit against the New Jersey minimum wage is $6.25.  https://www.dol.gov/whd/state/tipped.htm#foot3 (last visited Oct. 24, 2016).

36.     As set forth in Fact Sheet #15, in order to claim a tip credit (and pay its employees less than the applicable minimum wage), "[t]he employer must provide the following information to a tipped employee before the employer may use the tip credit:  1) the amount of cash wage the employer is paying a tipped employee, which must be at least $2.13 per hour; 2) the additional amount claimed by the employer as a tip credit, which cannot exceed $5.12 (the difference between the minimum required cash wage of $2.13 and the current minimum wage of $7.25); 3) that the tip credit claimed by the employer cannot exceed the amount of tips actually received by the tipped employee; 4) that all tips received by the tipped employee are to be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and

---

[1] https://www.dol.gov/whd/regs/compliance/whdfs15.htm (last visited September 30, 2016).

5) that the tip credit will not apply to any tipped employee unless the employee has been informed of these tip credit provisions."[2]

37.     According to Fact Sheet #15, "[t]he employer may provide oral or written notice to its tipped employees informing them of items 1-5 above.  An employer who fails to provide the required information cannot use the tip credit provisions and therefore must pay the tipped employee at least $7.25 per hour in wages and allow the tipped employee to keep all tips received."[3]

38.     As is made plain in Fact Sheet #15, in order to claim a tip credit, the employer must notify its employees of its intention to take the tip credit and must also inform its employees that all tips received by the employee are to be retained by the employee (except for those tips that are part of a valid tip pooling arrangement).  *See also* 29 C.F.R. 531.59(b) (setting forth the notice requirements).

39.     As set forth in the governing regulations, an employer can utilize the tip credit only when: 1) an employer informs the employee that a tip credit is being utilized and the amount of such a credit; 2) the employee makes tips equaling the tip credit amount; and 3) the employee retains all tips collected.  *See* 29 C.F.R. 531.59(b).

40.     As set forth in more detail below, Defendants regularly skimmed the

---

[2] *Id.*

[3] *Id.*

gross tips of the Tipped Employees such they were prevented from properly retaining all of their tips, as required by law, and thereby precluding Defendants from taking a tip credit.

41.     An employer bears the burden to show that it has satisfied the notification requirement of informing its employees that tips are being credited against the employee's hourly wage.   If an employer cannot demonstrate its compliance with this notification requirement, no credit can be taken and the employer is liable for the full minimum wage.

42.     Employers who properly provide notice to their employees regarding their intention to take a tip credit, and who elect to actually take the tip credit must be able to show that tipped employees receive at least the minimum wage when direct (or cash) wages and the tip credit amount are combined.  If an employee's tips combined with the employer's direct (or cash) wages of at least $2.13 per hour do not equal the federal minimum hourly wage of $7.25 per hour, the employer must make up the difference.

43.     Stated another way, if a tipped employee earns less than $5.12 per hour in tips (the maximum tip credit permissible where the employer pays the employee $2.13 per hour), the employer must raise that tipped employee's hourly cash component the necessary amount above $2.13 per hour so as to ensure that the employee earns at least $7.25 per hour – the mandated federal minimum wage.  Here,

the New Jersey minimum wage is $8.38.

44.     Plaintiffs were not notified by Defendants that they intended to take a "tip credit," nor how much that amount would be.

45.     Accordingly, Defendants were, and are, ineligible to take the tip credit to satisfy their minimum wage obligations to its Tipped Employees.  As such, Defendants failed to pay the minimum wage required under New Jersey State Law to Plaintiffs and the Class members.

**Tip Skimming:  Defendants' Unlawful Retention of Tips**

46.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and Class Members by engaging in a pattern, practice, and/or policy of violating the FLSA and New Jersey State Law by depriving them of the tips that they earned by unlawfully retaining a portion of their tips.

47.     According to Fact Sheet#15, "[a] tip is the sole property of the tipped employee regardless of whether the employer takes a tip credit."  *See* https://www.dol.gov/whd/regs/compliance/whdfs15.pdf  (last visited Sept. 30, 2016).  In addition, an "employer . . . may not retain any of the employees' tips for any other purpose" except for a valid tip pooling or sharing arrangement among employees who customarily and regularly receive tips.  *Id.*  This unlawful retention of tips by Defendants violates federal law, as Defendants (including Riverwinds

-14-

owner – Farmakis) do not customarily receive tips and Defendants did not provide notification of any required tip pool contribution amount.

48.     The FLSA and New Jersey State Law permits employs to participate in a "tip share" where tipped employees split their tips with other tipped employees. The tip share is unlawful, however, where a non-tipped employee, such as an owner, receives a share of the tips.

49.     Defendants, including Defendant Farmakis, have an unlawful policy and practice of retaining tips from employees' wages, including keeping 6% of a 20% tip paid by a customer.  Defendant Farmakis systematically took 6% of the regularly-contracted tip amount (20% of the total bill) paid by customers for parties, luncheons, banquets, and other events, thereby cheating Plaintiffs' and Class Members' of 30% of their hard-earned tips.

50.     In addition to violating the FLSA, this unlawful retention of tips also violates New Jersey State Law, which provides that "[n]o employer may withhold or divert any portion of an employee's wages…."  N.J. Stat. Ann. § 34:11-4.4.

**Overtime Violations**

51.     In further violation of the FLSA and New Jersey State Law, Defendants have not paid the proper premium overtime compensation for hours worked in excess of 40 hours per work week.

52.     As the federal regulations make clear, overtime must be calculated at

-15-

an employee's regular rate of pay. 29 C.F.R. § 778.5. Thus, here, Tipped Employees overtime rate must be calculated, at a minimum, at the minimum wage rate of $8.38 per hour, which is the minimum hourly wage in New Jersey.

53.     Thus, overtime (or time and one-half) for Plaintiffs and Tipped Employees should have been $12.57 (1.5 x $8.38) per hour, as the tip credit is not available to Defendants for the reasons alleged herein.

54.     Defendants failed to pay Plaintiffs and other Tipped Employees working in excess of forty hours per week the proper overtime hourly rate.

55.     Plaintiffs and Tipped Employees regularly worked hours in excess of 40 hours in a work week.

56.     Due to Defendants' unlawful practices, Plaintiffs and Tipped Employees have been deprived of the properly-calculated overtime compensation to which they are entitled.

57.     Defendants have been unjustly enriched to the detriment of the Class Members by (i) paying Tipped Employees less than the mandated minimum wage while failing to comply with the requirements for doing so; and (ii) failing to pay Tipped Employees the proper premium overtime compensation for all hours worked in excess of forty in a work week. Evidence generally reflecting the number of uncompensated hours worked by Plaintiffs and Tipped Employees is in the possession of Defendants.

58.     While Plaintiffs are unable to state at this time the exact amount owed to the Classes, Plaintiffs believe that such information will become available during the course of discovery.  Irrespective of the foregoing, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.  *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

## **CLASS & COLLECTIVE ACTION ALLEGATIONS**

59.     Plaintiffs bring this action as a collective action to recover unpaid wages, pursuant to the FLSA.

60.     The claims in this Complaint arising out of the FLSA are brought by Plaintiffs on behalf of themselves, and on behalf of all other similarly situated individuals who are current and former employees of Riverwinds, since the date three years prior to the filing of the Complaint who elect to opt-in to this action, which shall include:

> All current and former Tipped Employees who work or have worked for Defendants at any time three years prior to the filing of this action through the entry of judgment in this action, and who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Nationwide Collective Class").

61.     In addition, Plaintiffs also bring this action as a class action pursuant to

-17-

Rule 23 on behalf of herself and the New Jersey Class for claims under the New Jersey State Law, which shall include:

> All current and former Tipped Employees who work or have worked for Defendants in the State of New Jersey at any time three years prior to the filing of this action through the entry of judgment in this action (the "New Jersey Class").

62. The claims brought pursuant to New Jersey State Law may be pursued by all similarly-situated persons who do not opt-out of the New Jersey Class pursuant to Rule 23.

63. Plaintiffs allege on behalf of the Nationwide Collective Class that they are: (i) entitled to unpaid minimum wages from Defendants for hours worked for which Defendants failed to comply with the notice provisions of the tip credit and pay the mandatory minimum wage, as required by law; (ii) entitled to proper overtime pay for all hours worked in excess of forty hours in a work week; (iii) entitled to all of their tips, including the portion of tips unlawfully retained by Defendants; and (iv) entitled to liquidated damages pursuant to the FLSA.

64. Plaintiffs allege on behalf of the New Jersey Class that Defendants violated New Jersey State Law by failing to comply with the tip credit provisions, as required by law, consequently failing to pay them the appropriate minimum wages for all hours worked; failing to pay Tipped Employees proper overtime for all hours worked in excess of forty hours in a work week; and unlawfully retaining a portion

-18-

of their tips that are the sole property of Plaintiffs and the Tipped Employees.

65.     Upon information and belief, the members of each of the Classes are so numerous that joinder of all members is impracticable. While the exact number of the members of these Classes is unknown to Plaintiffs at this time, and can only be ascertained through appropriate discovery in the possession of Defendants, upon information and belief, there are more than 40 members in each of the Classes, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, and/or knowledge of their claims.

66.     Defendants have acted or have refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole, appropriate.

67.     The claims of Plaintiffs are typical of the claims of the Classes they seek to represent. Plaintiffs and the members of the Classes work or have worked for Defendants and were subject to the same compensation policies and practices.

68.     Common questions of law and fact exist as to the Classes that predominate over any questions only affecting them individually and include, but are not limited to, the following:

      a.     Whether Defendants paid an hourly wage that was less than minimum required cash wage of $2.13.

      b.     Whether Defendants were precluded from claiming the tip

credit during the period encompassed by this Complaint;

        c.        Whether Defendants have failed to pay minimum wages for each hour worked;

        d.        Whether Defendants has failed to pay appropriate overtime compensation to Plaintiffs and the Class Members;

        e.        Whether Defendants made unlawful deductions from employees' wages, including unlawfully retaining a portion of tips that were solely the property of Plaintiffs and the Class Members;

        f.        Whether Plaintiffs and Class Members are entitled to compensatory damages, and if so, the means of measuring such damages;

        g.        The proper measure of damages sustained by the Classes; and

        h.        Whether Defendants' actions were "willful."

69.    Plaintiffs will fairly and adequately protect the interests of the Classes as their interests are aligned with those of the members of the Classes. Plaintiffs have no interests adverse to the Classes they seek to represent, and have retained competent and experienced counsel.

70.    The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy. The damages suffered by individual members of the Classes may be relatively small

when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

71.    Plaintiffs and the Classes they seek to represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendants' pay practices.

72.    Defendants have violated and, continue to violate, the FLSA.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and willful violation of New Jersey State Law. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to the FLSA, 29 U.S.C. § 255(a).

**FIRST CLAIM FOR RELIEF**
**<u>FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATIONS</u>**
**(On Behalf of the Nationwide Collective Class)**

73.    Plaintiffs, on behalf of themselves and the Nationwide Collective Class, re-allege and incorporate by reference the paragraphs above as if they were set forth again herein.

74.    At all relevant times, Defendants have had gross revenues in excess of $500,000.00.

75.    At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29

U.S.C. §§ 206(a) and 207(a).

76.     At all relevant times, Defendants have employed, and/or continue to employ, Plaintiffs and each of the Nationwide Collective Class Members within the meaning of the FLSA.

77.     Pursuant to Defendants' compensation policies, rather than pay Tipped Employees the federally-mandated minimum wage, Defendants paid an hourly wage that was less than minimum required cash wage of $2.13.

78.     Pursuant to Defendants' compensation policies, rather than pay Tipped Employees the minimum wage in New Jersey, Defendants improperly claimed a tip credit and paid Plaintiffs and Tipped Employees a wage below the tip credit wage.

79.     Defendants have violated and, continue to violate, the FLSA.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

80.     Due to Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the members of the Nationwide Collective Class, are entitled to recover from the Defendants, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b), as well as pre-judgment and post-judgment interest.

## SECOND CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT OVERTIME VIOLATIONS
### (On Behalf of the Nationwide Collective Class)

81.     Plaintiffs, on behalf of himself and the Nationwide Collective Class, re-allege and incorporate by reference the paragraphs above as if they were set forth again herein.

82.     At all relevant times, Defendants have had gross revenues in excess of $500,000.00.

83.     At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

84.     At all relevant times, Defendants have either employed, and/or continue to employ, Plaintiffs and each of the Nationwide Collective Class Members within the meaning of the FLSA.

85.     At relevant times in the period encompassed by this Complaint, Defendants have a willful policy and practice of refusing to pay the proper premium overtime compensation for all hours worked in excess of 40 hours per workweek.

86.     Defendants have violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 et seq.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

87.     Due to Defendants' FLSA violations, Plaintiffs, on behalf of

themselves and the members of the Nationwide Collective Class, are entitled to recover from Defendants, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b), as well as pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
### NEW JERSEY MINIMUM WAGE VIOLATIONS
#### (On Behalf of the New Jersey Class)

88.　　Plaintiffs, on behalf of themselves and the members of the New Jersey Class, re-allege and incorporate by reference the paragraphs above as if they were set forth again herein.

89.　　At all relevant times, Defendants have employed, and/or continue to employ, Plaintiffs and each of the New Jersey Class Members within the meaning of the New Jersey State Law.

90.　　Pursuant to Defendants' compensation policies, rather than pay Tipped Employees the applicable New Jersey minimum wage, Defendants improperly took a tip credit and paid Plaintiffs and Tipped Employees at a rate well below New Jersey's minimum wage.

91.　　Pursuant to Defendants' compensation policies, rather than pay Tipped Employees the required minimum wage in New Jersey, Defendants took a tip credit and paid Plaintiffs and Tipped Employees only the tip-credit wage or less.

-24-

92.     At relevant times in the period encompassed by this Complaint, Defendants had a willful policy and practice of failing to satisfy the notification requirements in order to claim the tip credit.

93.     As a result of Defendants' willful practices, Defendants were not entitled to claim the tip credit and pay Plaintiffs and the members of the New Jersey Class less than the New Jersey minimum wage for all hours worked.

94.     In doing so, Defendants have violated and, continue to violate, New Jersey State Law.

95.     Due to the Defendants' violations, Plaintiffs, on behalf of themselves and the members of the New Jersey Class, are entitled to recover from Defendants the amount of unpaid minimum wages, attorneys' fees and costs, as well as pre-judgment and post-judgment interest.

**FOURTH CLAIM FOR RELIEF**
**NEW JERSEY OVERTIME VIOLATIONS**
**(On Behalf of the New Jersey Class)**

96.     Plaintiffs, on behalf of themselves and the members of the New Jersey Class, re-allege and incorporate by reference the paragraphs above as if they were set forth again herein.

97.     At all relevant times, Defendants have employed, and/or continues to employ, Plaintiffs and each of the New Jersey Class Members within the meaning of the New Jersey State Law.

98.    At relevant times in the period encompassed by this Complaint, Defendants had a willful policy and practice of refusing to pay premium overtime compensation for all hours worked in excess of 40 hours per work week.

99.    New Jersey State Law provides that any work in excess of forty (40) hours in any one workweek shall be compensated at the rate of no less than one and one-half (1.5) times the regular rate of pay for an employee.  *See* N.J.S.A. § 34:11-56a4 and N.J.A.C. § 12:56-6.1.

100.    Defendants did not compensate Plaintiffs and Tipped Employees premium overtime compensation in an amount at least equal to one and one-half times their regular rate for all hours worked in excess of forty in a workweek.

101.    Defendants have violated and, continue to violate, New Jersey State Law.

102.    Due to the Defendants' violations, Plaintiffs, on behalf of themselves and the New Jersey Class Members, are entitled to recover from Defendants the amount of unpaid overtime wages, attorneys' fees and costs, as well as pre-judgment and post-judgment interest.

### FIFTH CLAIM FOR RELIEF
### UNLAWFUL DEDUCTIONS FROM WAGES IN NEW JERSEY, UNDER N.J. Stat. Ann. Sec. 34:11-4.4
#### (On Behalf of the New Jersey Class)

103.    Plaintiffs, on behalf of themselves and the members of the New Jersey

Class, re-allege and incorporate by reference the paragraphs above as if they were set forth again herein.

104.  At all relevant times, Defendants have employed, and/or continues to employ, Plaintiffs and each of the New Jersey Class Members within the meaning of the New Jersey State Law.

105.  Defendants have an unlawful policy and practice of retaining tips from employees' wages, including keeping 6% of a 20% tip paid by a customer. Defendant Farmakis systematically took 6% of the regularly-contracted tip amount (20% of the total bill) paid by customers for parties, luncheons, banquets, and other events, thereby cheating Plaintiffs' and Class Members' of 30% of their hard-earned tips.

106.  According to Fact Sheet#15, "[a] tip is the sole property of the tipped employee regardless of whether the employer takes a tip credit." *See* https://www.dol.gov/whd/regs/compliance/whdfs15.pdf (last visited Sept. 30, 2016).  This unlawful retention of tips by Defendants violates federal law.

107.  This unlawful retention of tips also violates New Jersey state law, which provides that "[n]o employer may withhold or divert any portion of an employee's wages…." N.J. Stat. Ann. § 34:11-4.4.  There is no applicable statutory exception.

108.  As a result of Defendants' unlawful deductions from the wages of

Plaintiffs and the New Jersey Class, Defendants have violated and continue to violate New Jersey State Law.

109.  Plaintiffs, on behalf of themselves and the New Jersey Class, seek an amount of unlawful deductions and such other legal and equitable relief from the Defendants' unlawful deductions as New Jersey law permits and as the Court deems just and proper, as well as pre-judgment and post-judgment interest.

110.  Plaintiffs, on behalf of themselves and the New Jersey Class, seek recovery of attorneys' fees and costs to be paid by Defendants as provided by New Jersey law.

## SIXTH CLAIM FOR RELIEF
## NEW JERSEY COMMON LAW – UNJUST ENRICHMENT
### (On Behalf of the New Jersey Class)

111.  Plaintiffs, on behalf of themselves and the members of the New Jersey Class, re-allege and incorporate by reference the paragraphs above as if they were set forth again herein.

112.  Plaintiffs and the members of the New Jersey Class were employed by Defendants within the meaning of the New Jersey State Law.

113.  At all relevant times, Defendants had a willful policy and practice of denying Tipped Employees, including Plaintiffs, their proper compensation.

114.  During the class period covered by this Complaint, Plaintiffs and

Tipped Employees were subjected to Defendants' unlawful policies and practices of failing to notify employees of the tip credit requirements and failing to pay premium overtime compensation for hours worked in excess of forty in a workweek.

115. Defendants retained the benefits of its unlawful policies and practices from Plaintiffs and Tipped Employees under circumstances which rendered it inequitable and unjust for Defendants to retain such benefits.

116. Defendants have an unlawful policy and practice of retaining tips from employees' wages, including keeping 6% of a 20% tip paid by a customer. Farmakis systematically took 6% of the regularly-contracted tip amount (20%) paid by customers for parties, luncheons, banquets, and other events, thereby cheating Plaintiffs' and Class Members' of 30% of their hard-earned tips.

117. According to Fact Sheet#15, "[a] tip is the sole property of the tipped employee regardless of whether the employer takes a tip credit." *See* https://www.dol.gov/whd/regs/compliance/whdfs15.pdf (last visited Sept. 30, 2016). This unlawful retention of tips violates federal law.

118. Defendants were unjustly enriched by subjecting Plaintiffs and Tipped Employees to such unlawful policies and practices.

119. As direct and proximate result of Defendants' unjust enrichment, Plaintiffs and the members of the New Jersey Class have suffered injury and are entitled to reimbursement, restitution, and/or disgorgement from Defendants of the

benefits conferred by Plaintiffs and the New Jersey Class.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and/or on behalf of themselves and all other similarly situated members of the Nationwide Collective Class and members of the New Jersey Class, respectfully requests the Court grant the following relief:

A.    Designation of this action as a collective action on behalf of the Nationwide Collective Class, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

B.    Designation of the action as a class action under Rule 23 on behalf of the New Jersey Class;

C.    Designation of Plaintiffs as representatives of the Nationwide Collective Class and the New Jersey Class;

D.    Designation of Plaintiffs' counsel as class counsel for the Nationwide Collective Class and the New Jersey Class;

E.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New Jersey State Law and that Defendants' violations as described above are to be found willful;

F.    An injunction against Defendants and their officers, agents, successors,

employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

G.    An award of unpaid minimum wages to Plaintiffs and the members of the Classes;

H.    An award of unpaid overtime wages to Plaintiffs and the members of the Classes;

I.    An award of liquidated damages to Plaintiffs and members of the Classes;

J.    That Defendants be ordered and enjoined to pay restitution of unpaid wages and unlawfully retained tips to Plaintiffs and the Classes due to Defendants' unlawful activities;

K.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiffs and members of the Classes; and

L.    Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the Complaint.

## **CERTIFICATION**

It is hereby certified that, pursuant to L.Civ.R. 11.2, the matter in controversy

-31-

is not presently the subject of any other action pending in any court or of an arbitration proceeding to date.

Dated: October 25, 2016

/s/ Matthew A. Luber, Esq.
Matthew A. Luber, Esq.
NJ ID # 017302010
mal@njlegal.com
McOMBER & McOMBER, P.C.
30 S. Maple Avenue
Marlton, NJ 08053
(856) 985-9800 Phone
(732) 530-8545 Fax

Simon B. Paris, Esq.
NJ ID # 049821996
Patrick Howard, Esq.
NJ ID # 022802001
Charles J. Kocher, Esq.
NJ ID # 016952004
SALTZ, MONGELUZZI, BARRETT
& BENDESKY, P.C.
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Telephone: (215) 496-8282
Facsimile: (215) 496-0999
E-mail: sparis@smbb.com
E-mail: phoward@smbb.com
E-mail: ckocher@smbb.com

*Attorneys for Plaintiffs and the Putative*
*Class Members*